# IN THE COURT OF APPEALS OF IOWA

No. 19-1660
Filed August 4, 2021

**JAMES GEORGE HAYES III,**
    Plaintiff-Appellant,

**vs.**

**POLK COUNTY DISTRICT COURT,**
    Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Polk County, William P. Kelly, Judge.

James Hayes III appeals the district court's order denying his motion to correct his sentence. **WRIT ANNULLED.**

Gregory F. Greiner, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

James Hayes-Bey III was found guilty of willful injury and first-degree murder. *See State v. Hayes*, No. 99-0571, 2000 WL 1675592, at *1 (Iowa Ct. App. Nov. 8, 2000). The court of appeals affirmed his judgment and sentence. *See id.* at *6.

Eighteen years later, Hayes moved to correct his sentence. He asserted he was sentenced to life in prison without parole and his sentence amounted to cruel and unusual punishment under the United States and Iowa Constitutions because he was only "11 days over" eighteen at the time of the offense and the "[b]right [l]ine [r]ule" for "handling a juvenile case and handling the case as an adult" should be twenty-one rather than eighteen.

The district court denied the motion, reasoning as follows:

> While this court finds the defendant's arguments thought provoking in regards to his age during the commission of the crime, current Iowa precedent does not support the defendant's assertions. In *Miller v. Alabama*, the United States Supreme Court held that a sentencing scheme mandating lifetime imprisonment for those under the age of eighteen was unconstitutional. 567 U.S. 460 (2012). This holding makes no reference to the constitutionality of lifetime imprisonment for those over the age of eighteen. Additionally, in *State v. Lyle*, the Iowa Supreme Court stated that the holding had no application to the sentencing laws affecting adult offenders, and this case does not move any of the lines which currently exist when sentencing adult offenders. 854 N.W.2d 378, 375 (Iowa 2014). Similarly, [in] *State v. Sweet*, an Iowa Supreme Court decision stating that lifetime incarceration without parole violates the state constitution, provides no language indicating that the court's rulings on juvenile offenders should be extended to adults. The qualities that distinguish juveniles from adults do not disappear when an individual turns eighteen, but society has generally drawn the line at eighteen for the purposes of distinguishing juveniles from adults. 879 N.W.2d 811, 831 (Iowa 2016).
> Applying the facts James G. Hayes-Bey III presented in Defendant's Motion to current Iowa law, this court finds no legal basis for concluding that an illegal sentence was handed down. The

sentence was not unconstitutional or illegal in 1999 and is not unconstitutional or illegal today. Our Supreme Court has not changed the law regarding a sentence for someone to get life without the possibility of parole at age eighteen. The Iowa Legislature has not changed the law. The defendant's sentence was derived from a legal basis and remains legal today.

In his application for writ of certiorari, Hayes "recognizes that the defendants in *Lyle* and *Sweet* were under the age of 18 and were considered juveniles under Iowa law," but he asserts the difference between their ages and his age was so small as to render a sentence of life imprisonment "arbitrary and unconstitutional."

The line may seem arbitrary to someone in Hayes' position. But, as the supreme court stated, "Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time." *Lyle*, 854 N.W.2d at 403. The court emphasized that its holding did "not move any of the lines that currently exist in the sentencing of adult offenders." *Id.*

The district court correctly concluded our precedent precludes acceptance of the argument Hayes is making. The court did not err in denying Hayes' motion to correct his sentence.

**WRIT ANNULLED.**